**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-_____

ROOFTOP RESTORATION, INC., A COLORADO CORPORATION,

Plaintiff,

v.

CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON;
ASPEN INSURANCE UK LIMITED;
SCOTTSDALE INSURANCE COMPANY;
PARTNER RE IRELAND INSURANCE LIMITED;
HALLMARK SPECIALTY INSURANCE COMPANY
FIRST SPECIALTY INSURANCE CORPORATION;
NAVIGATORS SPECIALTY INSURANCE COMPANY;
LEXINGTON INSURANCE COMPANY;
STARR SURPLUS LINES INSURANCE COMPANY; AND
MITSUI SUMITOMO INSURANCE COMPANY OF AMERICA

Defendants.

**NOTICE OF REMOVAL**

Defendant Scottsdale Insurance Company ("Scottsdale"), by and through its attorneys Gordon Rees Scully Mansukhani LLP, hereby submits this Notice of Removal to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446. In support of this Notice of Removal, Scottsdale states as follows:

1. On January 11, 2021, plaintiff filed a First Amended Complaint[1] and Jury Demand against Scottsdale in the District Court for Boulder County, Colorado, captioned *Rooftop*

---

[1] No party was served process until after the Complaint was amended.

*Restoration, Inc., a Colorado corporation v. Certain Underwriters at Lloyd's of London; Aspen Insurance UK Limited; Scottsdale Insurance Company; Partner Re Ireland Insurance Limited; Hallmark Specialty Insurance Company; First Specialty Insurance Corporation, Navigators Specialty Insurance Company; Lexington Insurance Company; Starr Surplus Lines Insurance Company; and Mitsui Sumitomo Insurance Company of America,* Case No. 2021CV30021 (the "State Court Case"). The Colorado Division of Insurance, the purported registered agent for Scottsdale, accepted service of the Summons and First Amended Complaint on February 22, 2021.[2] *See* Waiver, attached hereto as **Exhibit A**.

2. This Notice of Removal is filed within the thirty-day requirement under 28 U.S.C. § 1446(b).

3. "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds a sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1).

---

[2] Plaintiff filed Waivers of Services for the other defendants identified in the Amended Complaint indicating service occurred on each of them on February 22, 2021 via service on the Colorado Division of Insurance. Pursuant to C.R.S. § 10-3-107, no foreign insurance company may transact business in Colorado until it appoints the Commissioner of Insurance as its registered agent, unless they maintain a home office or regional office in Colorado.

4. This Court has jurisdiction over this action under 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. § 1441(b) because this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. Removal is appropriate here because there is complete diversity between the parties. For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Rooftop Restoration, Inc., is a Colorado corporation. *See* Am. Compl. ¶ 1 & plaintiff's Address, p. 14.

6. At all relevant times, Defendant Scottsdale was, and is, a foreign corporation incorporated in the state of Ohio, with its principal place of business in the State of Ohio at One Nationwide Plaza, Columbus, Ohio 43215. *See* Ohio Secretary of State Documentation, attached hereto as **Exhibit B**. Scottsdale is now and was at all relevant times a citizen of the State of Ohio for purposes of diversity jurisdiction. Certain Underwriters at Lloyd's of London is a foreign company located in London, England, with its principal place of business in London, England. *See* Am. Compl. ¶2. Aspen Insurance UK Limited is also a foreign company located in London, England. *See* Am. Compl. ¶4. These are the proper defendants in this matter and all other defendants are nominal, at best.

7. The Amended Complaint alleges that the defendants estimated the replacement cost value at $984,400.73 and plaintiff signed a proof of loss affirming that amount as the contractual damages under the master policy. *See* Am. Compl. ¶¶ 33-34. It also acknowledges that Lloyd's of London, Aspen Insurance UK Limited, and Scottsdale share responsibility for the first twenty five million dollars of coverage under the master policy. *See id.* at. ¶3-5; *see also* Master Policy,

which was attached to the Amended Complaint, attached hereto as **Exhibit C**, pp. 5, 48. The Amended Complaint merely notes that other insurers provide excess coverage over the twenty five million dollars. *See* Am. Compl. ¶ 6. Because all parties agree that the contract claim will not exceed twenty five million dollars, as evidenced by plaintiff alleging it signed a proof of loss for less than a million dollars, the other insurers are all nominal or misjoined parties. In fact, on March 19, 2021, counsel for plaintiff represented: "We will get the excess carriers dismissed promptly."

8.     In any event, Partner Re Ireland Insurance Limited is also a foreign company located in Ireland.[3] Pursuant to the Colorado Division of Insurance records, Hallmark Specialty Insurance Company is incorporated in Oklahoma with its principal place of business in Texas. First Specialty Insurance Company is incorporated in Missouri with its principal place of business in Missouri. Navigators Specialty Insurance Company is incorporated in New York with its principal place of business in Illinois. Lexington Insurance Company is incorporated in Delaware with its principal place of business in New York. Starr Surplus Lines Insurance Company is incorporated in Texas with its principal place of business in Texas. Mitsui Sumitomo Insurance Company of America is incorporated in New York with a principal place of business in New Jersey. *See* Colorado Division of Insurance Consumer Inquiries, attached as **Exhibit D**.[4]

---

[3] Partner Re Ireland Insurance Limited does not appear to be registered with the State of Colorado Division of Insurance and, therefore, service on the Colorado Division of Insurance does not appear proper as it is not statutorily obligated to designate the Commissioner of the Colorado Division of Insurance as its registered agent.

[4] All of these excess insurers have indicated a desire to join in this Notice of Removal except for Partner Re Ireland Insurance Limited, who does not appear properly served (see n. 3), and Navigators Specialty Insurance Company, who has not filed a timely response to the Amended Complaint. No party is aware of who is representing these entities. Because they are either improperly served or nominal and will be dismissed promptly, there is no requirement they join this Notice of Removal. Neither has filed a responsive pleading or sought an extension. *Clementson v. USB Real Estate Sec., Inc.*, 15-CV-01318-LTB-MEH, 2015 WL 5579438, at *2 (D.

9. No change of citizenship of the parties has occurred since the commencement of this action. Under 28 U.S.C. § 1332(a), there is complete diversity of citizenship between plaintiff and Scottsdale.

10. This Court has diversity jurisdiction where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1224 (10th Cir. 2001). The amount in controversy must be determined by the allegations contained in the complaint or, if not dispositive, by the allegations in the Notice of Removal. *Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). Where the complaint is inconclusive regarding the amount of damages sought, the Court may look to other sources to demonstrate jurisdictional facts, including "'contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations[;] by reference to the plaintiff's informal estimates or settlement demands[;] or by introducing evidence … about how much it would cost to satisfy the plaintiff's demands.'" *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006) (Easterbrook, J.)).

11. The amount in controversy here exceeds $75,000, exclusive of interest and costs. This lawsuit arises out of alleged hail damage to a commercial property. Plaintiff claims defendants are liable for amounts due under the policy, which it claims is estimated to be $984,400.73. *See* Am. Compl. ¶¶ 33, 45. Beyond the breach of contract claim, plaintiff asserts a

---

Colo. Sept. 23, 2015) (rejecting the uniformity rule for nominal parties and noting a defaulting party was nominal). Undersigned continues its efforts to confirm these parties, if they remain in the case, join in removal. Many of the excess insurers are represented by out-of-state counsel, who will file notice of joinders upon admission into this District if there is delay in their dismissal.

claim for violation of C.R.S. § 10-3-1115 and relief pursuant to § 10-3-1116.  Plaintiff alleges it sustained damages as a result of defendants' alleged failure to pay insurance benefits and seeks "two times the covered benefit", "attorneys' fees, court costs and, two times the covered benefit, as allowable under C.R.S. § 10-3-1116. *Id.* at ¶ 56.  If plaintiff prevails on its breach of contract claim, and receives double damages under C.R.S. §§ 10-3-1115 and -1116, it claims it will recover at least $75,000, plus attorneys' fees and costs incurred in this litigation.

12. Courts in this district have concluded that the amount in controversy exceeds the jurisdictional amount when an insured brings a claim for breach of contract and also seeks to recover double the amount of the covered benefit pursuant to C.R.S. § 10-3-1116, plus attorneys' fees.  *See Cox v. Lincoln Nat'l Life Ins. Co.*, 2010 U.S. Dist. LEXIS 134517, *10 (D. Colo. Dec. 9, 2010) (the amount in controversy was satisfied when the plaintiff alleged that defendant was required to pay her $40,000 in insurance benefits and also asserted a claim for double damages under C.R.S. § 10-3-1116); *Washington v. Am. Family Mut. Ins. Co.*, 2013 U.S. Dist. LEXIS 51240, *9-10 (D. Colo. Mar. 18, 2013) (finding a plaintiff's claim for statutory damages under C.R.S. § 10-3-1116, including attorneys' fees, was sufficient for establishing the amount in controversy for purposes of removal).  Thus, plaintiff's claims for attorneys' fees are properly considered in determining the amount in controversy. *Washington*, 2013 U.S. Dist. LEXIS 51240, *10-11; *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (finding "[t]he Supreme Court has long held that when a statute permits recover of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship.").  In this district, it is not unusual for attorney fee claims in first-party insurance bad faith cases to exceed $100,000. *See Etherton v. Owners Ins. Co.*, 2015 U.S. Dist.

LEXIS 24765 (D. Colo. Mar. 2, 2015) (awarding plaintiff $175,170.00 in attorneys' fees); *Adamscheck v. Am. Family Mut. Ins.*, 2015 U.S. Dist. LEXIS 36979 (D. Colo. Mar. 24, 2015) (awarding $122,936 in attorneys' fees).

13. The State Court Case Civil Case Cover Sheet provides further evidence that plaintiff value its claims in excess of the jurisdictional limit. On the Civil Case Cover Sheet filed on January 8, 2021, under Rule 11, plaintiff indicated the case is not governed by Colorado's simplified procedure pursuant to Colo. R. Civ. P. 16.1 because plaintiff is "seeking a monetary judgment against another party for more than $100,000.00, including any penalties or punitive damages, but excluding attorney fees, interest and costs". The Tenth Circuit Court of Appeals has concluded that a civil case coversheet is an "other paper" and, therefore, provides an appropriate basis to support the jurisdiction amount in controversy for purposes of removal. *Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1272-73 (10th Cir. 2016).[5]

14. Pursuant to 28 U.S.C. § 1441(a), this Court is the appropriate court for filing a Notice of Removal from the District Court for Boulder County, Colorado, where the State Court Case is currently pending. Although the lawsuit was filed in Boulder County, the underlying property damage allegedly occurred in El Paso County, which also makes this Court the appropriate court for filing a Notice of Removal. *See* Am. Compl. ¶ 13 and its subparts.

15. Pursuant to 28 U.S.C. § 1446(d) and D.C.Colo.LCivR 81.1, this Notice of Removal has been sent to all other parties in this action and has been filed with the state court clerk's office.

---

[5] Because all insurers are issuers of the same master insurance policy and referred to as the Lloyd's Insurance Syndicate, the Court should exercise its discretion and find supplemental jurisdiction is appropriate if Plaintiff does not claim $75,000 in damages against a particular insurer, which is not readily apparent from the Amended Complaint. *See generally* Am. Compl. ¶ 12; *see also* 28 U.S.C. § 1367.

Within fourteen days of the filing of this Notice of Removal, Scottsdale will file a current state court docket sheet (register of actions) and will separately file each pending motion, petition, and related response, reply, and brief.  There are currently no pending motions.  Copies of the state court Complaint, Amended Complaint, Civil Case Cover Sheet, and any Answers or Returns of Service, or orders served upon Scottsdale Insurance Company are submitted contemporaneously with this Notice pursuant to 28 U.S.C. § 1446(a).

DATED this the 19th day of March, 2021.

/s/ Christine M. Kroupa
John M. Palmeri, Esq.
Christine M. Kroupa, Esq.
Andrew K. Lavin, Esq.
GORDON REES SCULLY MANSUKHANI, LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 534-5160
jpalmeri@grsm.com
ckroupa@grsm.com
alavin@grsm.com
*Attorneys for Defendant*
*Scottsdale Insurance Company*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system which will send notification to all counsel of record, this 19th day of March, 2020:

M. Stuart Anderson, Esq..   [*copy via Colorado Courts E-Filing System*]
Thomas H. Wagner, Esq.
7385 W. Hwy 50
Salida, CO 81201

Clerk of the Civil Division   [*copy filed via Colorado Courts E-Filing System*]
Boulder County District Court
1777 6th Street 80306
Boulder, CO 80903

/s/ Christine M. Kroupa
John M. Palmeri, Esq.
Christine M. Kroupa, Esq.
Andrew K. Lavin, Esq.
GORDON REES SCULLY MANSUKHANI, LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 534-5160
jpalmeri@grsm.com
ckroupa@grsm.com
alavin@grsm.com
*Attorneys for Defendant*
*Scottsdale Insurance Company*