IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-00824-PAB

ROOFTOP RESTORATION, INC., a Colorado corporation,

     Plaintiff,

v.

CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON,
ASPEN INSURANCE UK LIMITED, and
SCOTTSDALE INSURANCE COMPANY,

     Defendants.

---

## ORDER

---

This matter is before the Court on Defendant Scottsdale Insurance Company's Response to Second Order to Show Cause [Docket No. 39].

In its notice of removal, Scottsdale Insurance Company ("Scottsdale") asserted diversity jurisdiction, Docket No. 1 at 3, ¶ 4, but its allegations were not well-pled. *See* Docket No. 32. Specifically, the Court noted in its first order to show cause that defendant Certain Underwriters at Lloyd's of London ("Lloyd's) is an unincorporated association and, as a result, the citizenship of each member of the association must be well-pled. *See id.* at 3-4. Accordingly, Scottsdale's allegation that Lloyd's was a foreign corporation with its principal place of business in the United Kingdom was insufficient to demonstrate diversity jurisdiction. *Id.*

Scottsdale responded to the Court's first order to show cause by noting that Lloyd's membership laws changed in 2015. *See* Docket No. 35 at 5. Specifically,

Scottsdale asserted that Lloyd's now requires its members to be "United Kingdom residents." *Id.*  Because each Lloyd's member purportedly had to be a UK resident, Scottsdale asserted that diversity jurisdiction existed.  *See id.* at 6.  The Court rejected this argument in its second order to show cause.  First, the Court noted that Scottsdale explicitly ignored the Court's directive that Scottsdale had to identify each member individually and that a blanket statement that "each 'name' or member of the Syndicate is not the same citizenship of plaintiff" was insufficient.  *See* Docket No. 38 at 2. Second, the Court analyzed Lloyd's membership rules and determined that, while Lloyd's required a member to be a UK tax resident, such membership did not serve to establish the citizenship of a member for purposes of diversity.  *See id.* at 3-8.   The Court again ordered Scottsdale to identify each member and that member's citizenship. *Id.* at 8.

Scottsdale's response to the Court's second order to show cause does not attempt to identify the various members or those members' citizenship.  *See* Docket No. 39 at 4.  Rather, Scottsdale lists some entities it "believes" are members, but does not identify what sort of entity that member is or its citizenship.  *Id.*  Furthermore, Scottsdale admits that it does not know whether this information is accurate.  *Id.*

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  Therefore, when a defendant removes a case from state court asserting the Court's diversity jurisdiction, the removing defendant has the burden of establishing that the jurisdictional prerequisites

of § 1332 have been satisfied.  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290

(10th Cir. 2001), *abrogated on other grounds by Dart Cherokee Basin Operating Co.,*

*LLC v. Owens*, 574 U.S. 81, 89–90 (2014).  Defendant has failed to do so.

　　"[T]he presumption is that [federal courts] lack jurisdiction unless and until a

[proponent] pleads sufficient facts to establish it."  *Celli v. Shoell*, 40 F.3d 324, 327

(10th Cir. 1994) (citing *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994)).

Where uncertainties exist regarding the Court's jurisdiction, those uncertainties are

resolved in favor of remand.  *Martin*, 251 F.3d at 1290; *see also Laughlin v. Kmart*

*Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("[T]here is a presumption against removal

jurisdiction."), *abrogated on other grounds by Dart Cherokee Basin*, 574 U.S. at 89–90;

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("[I]t is to be

presumed that a cause lies outside this limited [federal] jurisdiction, . . . and the burden

of establishing the contrary rests upon the party asserting jurisdiction.").  The Court

gave Scottsdale two opportunities to demonstrate subject matter jurisdiction.  Because

the subject matter jurisdiction allegations in the notice of removal and responses to the

Court's orders to show cause were not well pled, the Court finds that Scottsdale has

failed to carry its burden of establishing subject matter jurisdiction as a threshold

matter.[1]  *See McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) ("[A]

---

[1] Scottsdale requests that the Court order limited jurisdictional discovery into
Lloyd's membership.  *See* Docket No. 39 at 5.  Scottsdale asserts that it has been
unable to get the requested information from Lloyd's and that it will not be able to
absent court intervention.  *Id.*  However, Scottsdale has had over five months to secure
the information from its co-defendant, and there is no indication given the reluctance of
Lloyd's to cooperate that this will not turn into a protracted legal battle that wastes
judicial resources and prevents plaintiff from litigating this case.  The Court has broad
discretion to deny a "discovery request[] with respect to jurisdictional issues."  *See*

proponent of federal jurisdiction must, if material factual allegations are contested,

prove those jurisdictional facts by a preponderance of the evidence." (quotations

omitted)); *see also HTO Holdings, Inc. v. Lebsock*, No. 20-cv-02186-PAB, 2020 WL

5321894, at *2 (D. Colo. Sept. 4, 2020).  Wherefore, it is

      **ORDERED** that this case shall be remanded to the District Court for Boulder

County, Colorado, where it was filed as Case No. 2021CV30021.

      DATED November 16, 2021.

            BY THE COURT:

            PHILIP A. BRIMMER
            Chief United States District Judge

---

*Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1233 (10th Cir. 2020) (citation omitted).  Only where a lack of discovery will prejudice a party will a denial of a discovery request be inappropriate.  *Id.*  However, the only prejudice Scottsdale claims is that it will not be able to litigate this case in federal court.  *See* Docket No. 39 at 5. Scottsdale offers no support for the proposition that litigating a state law claim in a state forum is somehow prejudicial.  Accordingly, the Court finds this argument unpersuasive and will not order limited jurisdictional discovery.